



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

U.S. DIST. COURT CLERK
EAST DIST. MICH
FLINT

2007 DEC -3 P 3: 48

FILED

| | |
|---|---|
| **BRADLEY S. AUSTIN** §<br>     **Plaintiff,** §<br> §<br> §<br> **v.** §<br> §<br> §<br> **COUNTRYWIDE HOME LOANS, Inc.,** §<br> **MORTGAGE ELECTRONIC** §<br> **REGISTRATIONS SYSTEMS, Inc.,** §<br> **QUICKEN LOANS, Inc., of Livonia, MI,** §<br> **KELLEY L. CALLARD,** §<br> **SHAWN C. DRUMMOND,** §<br> **JENNIFER MATHEW,** §<br> **JEFREY E. SLAVIK,** §<br> **KENNETH A. VAN NORWICK,** §<br> **TROTT & TROTT, P.C.,** §<br> **MICHAEL J. BOUCHARD, Sheriff, and** §<br> **Ruth Johnson, Clerk/Register of Deeds,** §<br> **OAKLAND COUNTY, Michigan, and** §<br> **CHRISTOPHER COX, Chairman of the** §<br> **Securities and Exchange Commission,** §<br>     **Defendants.** § | **CIVIL ACTION NUMBER**<br><br>**07-15127**<br><br>TRIAL-by-JURY DEMANDED<br>for ALL ISSUES OF FACT and<br>ALL MIXED QUESTIONS OF<br>FACT and LAW<br><br>**SEAN F. COX**<br><br>**DONALD A. SCHEER** |

<u>COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTION</u>

1.      In this complaint, Plaintiff Bradley S. Austin on behalf of himself and as judicially declared assignee of all the rights in the subject property formerly belonging to Deanna Lynn Austin, seeks declaratory judgment that foreclosures in Michigan are routinely processed illegally.

2.      In particular, foreclosures in Michigan, especially those conducted by Defendants Countrywide and MERS, are illegal because these "debt collectors" are seeking to enforce "contractual obligations" which provide rights only to "holders in due course" of a mortgage note; under color of law, by a combination of private fraud in complicity with the government, Plaintiff Bradley S. Austin seeks a declaration that Countrywide and

MERS seek to utilize unconstitutional customs, practices, and policies (formulated and implemented between governmental and corporate actors), to deprive private persons of their property without due process of law.

3.      Defendants Countrywide and MERS are not genuine creditors, and engage in the sham of securitized mortgage finance without affording or extending any genuine credit to debtors such as the Austins, solely for private (corporate) enrichment of certain defendants through a combination of racketeering, civil rights violations, and securities fraud (the securitization of mortgage notes without benefit or credit to the consumer "grantor" or disclosure in the "origination" process of creating the security.

4.      This Court has jurisdiction as a matter of federal question pursuant to 18 U.S.C. §1964(c), 28 U.S.C. §1343, 42 U.S.C. §§1981, 1983, SEC Rule 10b5, 15 U.S.C. §78i, and 5 U.S.C. §§701 et seq..

5.      Venue is proper in the Eastern District of Michigan, Southern Division, because the a large percentage of the transactions and occurrences giving rise to this lawsuit took place in the Eastern District, and most of the Defendants either have a place of business or do business in the Eastern District of Michigan, as does the Plaintiff Bradley S. Austin.

6.      On or about June 5, 2007, Defendant attorneys for Defendant law firm Trott & Trott, P.C., conducted a foreclosure sale of Plaintiff's home by and through the office of Michael J. Bouchard, Sheriff of Oakland County, in combination and complicity with Ruth Johnson, Oakland County Clerk, Register of Deeds.

7.      This "non-judicial" foreclosure sale was of a type increasingly common and frequent, but nonetheless illegal, in the United States of America today, in which the foreclosing party merely "sells" to itself as a sham transaction to "clear title" to property-

--which is to say that no economic nor equitable loss is actually recouped, no economic benefit nor equitable gain is actually achieved:

8.    By this procedure, title is merely divested from the consumer/user by a non-owner, non-agent without standing to sue judicially, who is assisted by the Sheriff and County Clerk under color of law to effect a taking of property for PRIVATE purposes without due process of law.

9.    The format of the foreclosure sale was that Trott & Trott, P.C., foreclosed a note acting as "nominee" (Defendant Mortgage Electronic Registration Systems, Inc.)(hereinafter "MERS"), acting (ostensibly, but without genuine authority) on behalf of Defendant Countrywide Home Loans, Inc.,(hereinafter "Countrywide").

10.    Countrywide in turn itself held itself out as the "assignee" of the loan originator (Defendant Quicken), conducted a sale as part of its role as mortgage "servicer".

11.    What rendered this sale simultaneously "typical" of a growing number of mortgage foreclosure proceedings in the United States and yet completely illegal is that neither MERS nor Countrywide own any legal or equitable interest in the note originated by Quicken, for which note Quicken, in fact, was compensated by selling the note.

12.    Plaintiff herein, Bradley S. Austin, joins a growing number of homeowners and other consumers who are revolting against this epidemic of theft in the United States by refusing to submit to a pattern of doing business which has been challenged in states from Michigan to Ohio to Texas.

13.    In brief, Plaintiff alleges and will show that (1) MERS as the nominee of Countrywide had no standing according to common law principles of contract assignment, in that MERS had neither an equitable nor a legal "stake" in the outcome, (2)

Countrywide as assignee of Quicken likewise can prove no ownership interest in Plaintiff's original note, either at the time of sale or at the present time, (3) MERS, acting as "nominee", is engaged in the unauthorized practice of law, (4) the attorneys of Trott & Trott, P.C., are engaged in a racketeer influenced and corrupt organization with MERS and Countrywide, (5) the Oakland County Sheriff provide the "cover" or "colour of law" for these illegal procedures.

14.     This RICO conspiracy simultaneously injures Plaintiff in his business and property and, by the use of the Power of the State of Michigan to enforce an illegal "taking" of Plaintiff's property without due process of law, also constitutes a violation of Plaintiff's civil rights through the Fifth and Fourteenth Amendments to the United States Constitution.

15.     Michael J. Bouchard, the Sheriff of Genesee County, like so many Sheriffs of so many counties in the United States, may not even be aware that he is aiding and abetting criminal activity by allowing unauthorized persons to seize property to which they have shown no lawful or equitable entitlement.

16.     Oakland County Sheriff Bouchard and County Clerk/Register of Deeds Johnson are named as a Defendant in this case so that they and their successors will be bound by the declaratory judgment herein sought which is, namely, that

17.     this Court declare and adjudge that (1) it is racketeering for a "nominee" masquerading as an agent for an assignee to collect a debt or foreclose on property, (2) that the judicial and legal construction of the phrase "collection of an illegal debt" in the RICO statute, 18 U.S.C. §§1961 *et seq.*, should be expanded and reframed to include the collection of illegal consumer debts, (3) that the sale of a consumer's signature and credit

history as a security is a constructive theft by fraud of securities actionable either

pursuant to SEC Rule 10b5 or a manipulation of the value of securities actionable under

15 U.S.C. §§78i(a)(1) and (5).

18.    Finally, an investigation of the conduct and operation of MERS and Countrywide

in Michigan by the SEC is demanded as a matter of agency action wrongfully withheld

pursuant to the Administrative Procedure Act, 5 U.S.C. §§701 et seq.

## COUNTS I-X: DECLARATORY JUDGMENT re: FINANCIAL INDUSTRY PRACTICE

19.    Plaintiff Bradley S. Austin, realleges ¶¶1-18 of this Complaint and incorporates

the same by reference as if fully copied and restated herein below.

20.    Pursuant to 28 U.S.C. §§2201-2202, Plaintiff alleges that the rights and legal

relations between himself, as assignee[1] of all Deanna Lynn Austin's rights, and

Defendant COUNTRYWIDE & MERS, as originator and grantee of Deanna Lynn

Austin's note, are unclear for each and every one of the following reasons, that there

exists an actual case and controversy within the jurisdiction of this Court, and that

Plaintiff is entitled to a declaratory judgment, as well as other and further necessary and

proper relief based on this declaratory judgment, against the several commercial

defendants, but especially against Countrywide and MERS.

21.    Count 1: Plaintiff alleges, and asks this Court either to take judicial notice, or to

allow the parties fully to brief after discovery, and then to declare and adjudge, that it is a

common, if not almost a universal, custom, practice, and/or policy in the financial

industry (but especially here in Michigan) for a Bank or other lending institution on

---

[1]    Plaintiff is assignee of all rights in this note, subject of this lawsuit, pursuant both to his divorce and/or
separation agreement from Deanna Lynn Austin and several orders entered by the United States
Bankruptcy Court for the Eastern District of Michigan, Southern Division, in Cause No. 06-30970, per
Judge Opperman "In Re Deanna Lynn Austin" (Chapter 7).

NEVER to loan its own (bank) funds and ALWAYS to arrange or "originate" transfers of funds from other sources pursuant to the Chapter 4A.104 of the Uniform Commercial Code and to misrepresent this transaction as a "loan" for purposes of collection and foreclosure of debts, so that the use of the term "loan" is always knowingly and intentionally misleading in consumer credit transactions.

**22.**     Count II: Plaintiff alleges, and asks this Court to declare and adjudge, that Defendants Quicken, Countrywide & MERS routinely if not always conform to and complies with financial industry standards in this regard, and that Defendant Quicken, (the originator) specifically made no loan, but only originated a funds transfer, in the case of Deanna Lynn Austin's original note.

**23.**     Count III: Plaintiff alleges, and asks this Court to declare and adjudge, that the law of mortgage lending and foreclosure has never been reconciled with this financial industry reality, which was partially (but only partially) authorized and organized under parallel but independent and so unmodified legal schemata or regimes (e.g. the UCC), so that the law and practice of note origination and the law and practice of note collection and foreclosure are out of synch, uncoordinated, and are in fact mutually incompatible with each other, especially (perhaps most obviously but not exclusively) here in the State of Michigan.

**24.**     Count IV:  Plaintiff alleges and asks this Court to declare and adjudge that, as a matter of financial industry custom, practice, and/or policy for Banks or Financial Lending Institutions such as Quicken, Countrywide (but not MERS, which never acquires any interest in a loan note) immediately and always (or almost always) to sell the mortgage notes and other consumer credit notes created or "issued" by "borrowers" (such

as Deanna Lynn Austin) upon or at the completion of transactions (such as the issuance
of mortgage notes) "originated" by "lenders" (such as COUNTRYWIDE & MERS).
Count V: Plaintiff alleges and asks this Court to declare and adjudge that these notes are,
again as a matter of routine financial industry custom, practice, and/or policy sold into
regular "money" or "securities" markets where they are traded, and that the current owner
of a note is rarely if ever known by the "originator" of the note (e.g. Quicken), and is
never (or hardly ever) actually disclosed to the creator, grantor, or "issuer" of the note
(e.g. Deanna Lynn Austin).

**25.**    Count VI: Plaintiff asks this Court to declare and adjudge that the financial
"lending" institutions (e.g. the commercial Defendants herein, excluding only Oakland
County Sheriff Bouchard and County Clerk Johnson) are more sophisticated and in a
better position to know and understand both the inconstancies and incongruities in the
law than "borrowers" (e.g. Deanna Lynn Austin) and that the financial institutions take
advantage of borrowers and wrongfully manipulate and control mortgage finance unfairly
to disadvantage the consumer, who is kept in the dark and deprived of a full and complete
understanding of the credit transactions upon which modern life depends.

**26.**    Count VII: Plaintiff asks this Court to declare and adjudge that mortgage note
trading, as described above, is so commonly known in financial circles, even if "hidden
in plain sight" from the average consumer, that such trading in mortgage notes (and other
consumer credit notes) plainly IS and OUGHT TO BE at all times subjects to the
Securities and Exchange laws of the United States of America, including but not limited
to SEC Rule 10(b)(5).

27.    Count VIII: Pursuant to 28 U.S.C. §2202, by way of further relief, Plaintiff asks
this Court to declare and adjudge that mortgage collection and foreclosure by
Countrywide and MERS must cease until these Defendants can prove that it is now and
has at all times been both the legal owner, or "holder in due course", and the equitable
owner entitled to all benefit and enjoyment, of the original note executed by Deanna
Lynn Austin, and that Countrywide & MERS must account for and explain the location
of the original note if it is no longer in their possession, and must expose their books to
audit and accounting regarding the handling of the Austin note both as asset and liability
in double entry accounting books.

28.    Count IX: Pursuant to 28 U.S.C. §2202, by way of further relief, Plaintiff asks
this Court to enjoin the Sheriff of Oakland County, Michigan, from allowing any eviction
proceedings or enforcement of the Sheriff's sale of June 5, 2007, or any other action
against Plaintiff in this matter until a complete forensic examination of Deanna Lynn
Austin's original note can be made, and that Defendants be ordered and directed to treat
the original note as evidence to be preserved and protected.

29.    Count X:  Accordingly, and finally, pursuant to 28 U.S.C. §2202, the court should
declare and adjudge that the commercial defendants in this case, namely Quicken,
Countrywide, MERS, Trott & Trott, P.C., and all their named attorneys, have engaged in
a Racketeering conspiracy injurious to Plaintiff in his property and business interests, and
that they have simultaneously sought unlawfully to use or invoke state processes,
including the services of Sheriff Michael J. Bouchard of Oakland County, to effect a
taking of Plaintiff's property without due process of law in violation of the 5th and 14th
Amendments.

**30.**    All Defendants should be permanently enjoined from ever foreclosing on any property absent proof that the foreclosing party is the holder in due course, with full equitable and legal ownership of the original mortgage note, and that the owner has never sold or transferred the note for value (whole or partial sale) to any other party, including sale or transfer into a "mortgage bundle" or securitized pool or similar mortgages.

**31.**    The Court should further and finally adjudge and declare that the sale or purchase of any "borrower's" or consumer of "loan origination services," however defined, is the sale or purchase of a security and that the failure to inform the "borrower" of how her or his signature and credit history will be used in formulating a marketable security constitutes a theft of the consumer's identity, including all intellectual property rights to his name and life history (encapsulated in her or his "FICO" score).

### COUNT XI: APPLICATION TO ENJOIN EVICTION & OTHER STATE COUNT/COUNTY PROCEEDINGS

**32.**    Plaintiff Bradley S. Austin, realleges ¶¶1-31 of this Original Complaint and incorporates the same by reference as if fully copied and restated herein below.

**33.**    In conformity with 28 U.S.C. §2283, Plaintiff alleges and asks this Court to find and order an enjoin all the (State and Corporate) Defendants in this cause from filing or pursuing any eviction action in Michigan state court (or non-judicial or extra-judicial proceedings for eviction conducted with the assistance, aid, and/or comfort and/or knowledge of either the Oakland County Sheriff's Department or the Oakland County Clerk's/Register of Deeds Ruth Johnson).

**34.**    Such an injunction is expressly authorized under the so-called "Anti-Injunction Act" because a stay or injunction granted prior to the initiation of any state court litigation is both equitably allowed and necessary in aid of this Court's jurisdiction,

especially but not limited to protect this Court's power to effectuate any judgment which this Court might render in favor of the Plaintiff in this case.

35.    The Federal Questions involving federal securities laws, fair debt collection practices, and, yes, a massive scheme of deception and manipulation of business and property rights which can only be called "racketeering" are all quite sufficiently important to justify a stay, but the fact that collateral branches of parallel Michigan statutory law may conflict with each other in the manner alleged and described above also poses a question of due process and equal protection of property rights under the Federal Civil Rights laws.

36.    If Michigan Courts are routinely applying laws which are so contradictory as to be (when applied together) incomprehensible, this constitutes a situation where the Michigan statutory scheme governing mortgage lending, "debt" collection, "mortgage servicing", and foreclosure is (as a whole) void for vagueness as applied to each individual case and therefore unconstitutional.

37.    42 U.S.C. §1983 has been construed as expressly authorizing injunctions against state court proceedings where fundamental civil rights, such as the right to make and enforce contracts, the right to keep and own property, are being violated or infringed upon in violation of the 5th and 14th Amendments, for effecting deprivations of property without due process of law. *Cf., e.g., Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972) and ***Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).**

38.    Thus 42 U.S.C. §1983 and 28 U.S.C. §1343(3) provide alternative and additional but completely independent grounds for entry of injunctive relief staying state court

proceedings, the fundamental reason being the preservation of this Court's jurisdiction to resolve all federal issues first, including but not limited to the constitutionality of a mortgage lending and foreclosure system which rests on incompatible and irreconcilable lines of statutory and case law.

39.    MERS has already been banned from operating in Florida, and has been the subject of adverse judicial decisions in several other jurisdictions (including other Districts within the United States Court of Appeals for the Sixth Circuit), and the question remains whether any mortgage foreclosures should be allowed by any agent not in possession, with full legal and equitable ownership rights, of its "principal's" notes can be allowed under Michigan law.

40.    COUNTRYWIDE & MERS has refused to answer Plaintiff's letters demanding that these entities prove their rights and standing to collect a debt against him, nor have they addressed the point that the original note is necessary for foreclosure,

41.    nor COUNTRYWIDE & MERS have not yet accepted (nor even responded to) any settlement offer which is contingent or depends upon COUNTRYWIDE & MERS's continuous ownership and proof of ownership of the original note "issued" to COUNTRYWIDE & MERS and then sold and transferred by COUNTRYWIDE & MERS into the securities market.

42.    In the present case, Plaintiff Bradley S. Austin seeks to "pierce the veil" of identity and show that although COUNTRYWIDE & MERS may be assignee of the originator and original grantee and servicer, these entities are not parties lawfully entitled to collect on the mortgage note or foreclose as a matter of law or equity.

43.    Loan originator "Quicken" was not a true creditor, to begin with, and COUNTRYWIDE & MERS have sold or transferred the note received from Quicken, and are not even currently lawful "assignees" or agents of assignees with legal or equitable standing to collect the debt or foreclose,

44.    Countrywide and MERS are merely acting as the Mortgage Servicer and representing the Current Mortgagee pursuant to a Mortgage Servicing Agreement concerning the Note and Deed of Trust which are associated with Bradley S. Austin (individually and as assignee of Deanna Lynn Austin)'s loan.

45.    Plaintiff Bradley S. Austin should not be required to litigate this case twice and simultaneously in two separate courts, and Plaintiff alleges that the federal forum is superior because of the Supremacy Clause and the need to resolve important issues of Federal Law, which would have to be simultaneously presented to and litigated in State Court if this stay is not granted.

46.    A stay of State Court (or nonjudicial) eviction proceedings by Trott & Trott will not irreparably damage or unreasonably prejudice Defendant COUNTRYWIDE & MERS because COUNTRYWIDE & MERS are represented by a law firm, which would in fact be better able to handle two parallel but independent litigations of the same issue, than Plaintiff, who is proceeding pro se, but in addition there are no issues, except the issue of immediate possession and foreclosure, which Defendants cannot litigate equally well in this court (if they have any defense to Plaintiff's claims at all).

47.    The right to immediate possession and foreclosure is subordinate to all other issues in this case and should be resolved only as the final result of judgment in this case, for the Defendants if Plaintiff fails to prove his point, or for the Plaintiff if he does;

48.     In any event, as Michigan law now stands, the inconsistent conduct and history of Defendant COUNTRYWIDE & MERS's claims regarding possession ability to control or locate the note raises "probable cause" to doubt Defendant COUNTRYWIDE & MERS's claim never to have sold or transferred the note until COUNTRYWIDE & MERS can prove that it has, at all relevant times, been the owner with full equitable and legal title to the mortgage note of Bradley S. Austin (acting on his own behalf and as designee of Deanna Lynn Austin).

49.     Until Defendant COUNTRYWIDE & MERS can prove that it is both legally and equitably entitled to foreclose, it should not be allowed to foreclose, and that is the only issue upon which a stay of state court proceedings will be disadvantageous to Defendant COUNTRYWIDE & MERS.

50.     Balancing the equities, a delay in the entry of a just foreclosure is and would be less injurious to COUNTRYWIDE & MERS than the premature entry of an unjust foreclosure is and would be to the Plaintiff, who stands as assignee in the shoes of original state court defendant Bradley S. Austin (individually and as assignee of Deanna Lynn Austin).

51.     Parallel but independent proceedings regarding these issues are permissible under Justice Ginsburg's lucid opinion in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U. S. 280 (2005) but permitting parallel proceedings is both a waste of judicial resources and inequitable, because there are no issues which will not be presented in one court which can only be presented in the other; the supremacy clause and the possible challenges to Michigan statutory schemes as violative of federal guarantees of due process and equal protection render the Federal forum the far superior choice;

52.    Plaintiff has asked defense counsel for COUNTRYWIDE & MERS to agree to this stay, and they have refused, but all these issues have already been raised in federal court, and not in state court, further giving federal court priority and superior purview over this case.

53.    WHEREFORE, Plaintiff Bradley S. Austin prays that this Court will grant Plaintiff's application and enter a Preliminary Injunction against the initiation of any and all State Court proceedings in Oakland County by Defendants Trott & Trott or any other attorney or agent on behalf of Countrywide or MERS, until such time (if any or ever) as a final decision against Plaintiff has been rendered by this Court and upheld by the United States Court of Appeals for the Sixth (6th) Circuit.

## COUNT XII: COMPLAINT TO COMPEL AGENCY ACTION PURSUANT TO 5 U.S.C. §§702, 706(1):

54.    Bradley S. Austin, hereby realleges the material factual statements and legal contentions contained in ¶¶1-53 above and incorporates the same by reference as if fully recopied and restated herein below.

55.    Certain Federal Courts have held that a mortgage note is itemized on a judicially crafted list of exceptions to the presumption that all notes are securities (which is, after all, the statutory language enacted by Congress, in a field which Congress acted in an earlier national emergency, not entirely dissimilar from the one currently facing the United States today).

56.    The present Plaintiff asks the United States District Court for the Eastern District of Michigan to revisit and reconsider that decision in light of the economic reality that ALL securities are notes or debt instruments, of one sort or another, and that the EXCLUSION of the largest single type or category of notes or debt instruments from the

reach of Federal Securities regulation at a time when the securities markets are collapsing or at least requiring massive Federal bailouts due to speculation in mortgage-backed securities or collateral-based obligations is simply irrational and unconscionable

57.     Plaintiff asks this court to declare and adjudge that all securities sold or purchased in the United States, including mortgage loans, must be regulated and subject to securities regulation pursuant to SEC Rule 10b-5.

58.     Plaintiff herein below also alleges violations of 15 U.S.C. §78i, but the Commissioner of the Securities and Exchange Commission has failed and refused to take any action to limit or modify this "judicially crafted list of exceptions" which excludes mortgage notes from securities regulation and scrutiny, despite the fact that these notes lie at the foundation of an enormous trading industry in "Mortgage Backed Securities" and "Collateral Backed Obligations."

59.     Plaintiff Bradley S. Austin (individually and as assignee of Deanna Lynn Austin's Mortgage Note, given as collateral security to Quicken and later assigned to Countrywide & MERS prays that this Court will order Mr. Christopher Cox, the Chairman of the Securities & Exchange Commission, to appear and answer and show why he should not be ordered to enforce SEC Rule 10b-5 in regard to mortgage notes, which constitute the rock-bottom assets underlying the mortgage-backed securities.

60.     The nation has been rocked over the past several months, because of the collapse of the mortgage backed securities and collateral backed obligations market.

61.     Plaintiff submits that the inaction of the Chairman of the Securities & Exchange Commission throughout the growth and development of this highly publicized market in Mortgage Backed Securities or Collateral Based Obligations constitutes a failure to act

which constitutes either final agency action within the meaning of 5 U.S.C. §704 in that there is no agency procedure or higher level administrative action open to the Plaintiff, nor is there any other adequate remedy in any court and the SEC's refusal to act to reform the "judicially crafted list of exceptions" (which just happens to exclude the entire creation/mortgagor end of the mortgage backed securities market, and therefore the entire basis for the current "Wealth of Nations", at least in this nation, the United States of America) is therefore subject to judicial review, for which Plaintiff herein now sues.

62.    The reason for the nationwide collapse is simple: predatory lending practices such as those of Countrywide & MERS Bank have led to higher default and foreclosure rates than were known during the Great Depression of the 1930s, and confidence in the financial "unreality" of the mortgage backed securities market has been eroded internationally.

63.    Plaintiff asks this Court to take judicial notice of at least two academic or professional trade books authored and/or edited by Frank J. Fabozzi, namely "Mortgage-Backed Securities: Products, Structuring, and Analytical Techniques" published by John Wiley & Sons of Hoboken, New York, in 2007, and also of a larger edited collection, "The Handbook of Mortgage-Backed Securities: Sixth Edition" published by McGraw-Hill of New York, Chicago, and San Francisco in the United States in 2006.

64.    Countrywide & MERS, is listed in these books as among the top two "players" along with the Bank of America, in the issuing and sale of "Mortgage Backed Securities" and "Collateral Backed Obligations" in the United States of America during the past twenty years.

65.      The creation of mortgage backed securities is based upon, consists of, and requires the INTRINSIC FRAUD of selling the mortgage notes created by private parties as "derivative" securities without compensation or reward to the grantors of the mortgage notes; this is "derivative" theft and Plaintiff is the assignee of the rights of two makers of such a note, whose rights were stolen by Countrywide & MERS.

66.      Plaintiff asks this Court to take judicial notice of the news regarding the widespread sale of mortgage notes---and whether this is constitutionally consistent with the requirement that a holder in due course is the only party entitled to enforce a note, as a matter of due process and Fifth Amendment takings; Plaintiff further demands that the Court order the Commissioner of the Securities and Exchange Commission to take action to stop this fraud by derivative theft.

67.      Plaintiff Bradley S. Austin will produce at trial the expert advise of at least one broker in mortgage backed securities and collateral backed obligations who will testify regarding the need for regulation of the creation of these assets.

68.      Who is it that really creates the assets? It is the people of the United States who are slowly being enslaved and their private property rights destroyed as a result of the false monetary system and policy of the United States.

69.      "Mortgage Backed Securities" and "Collateral Backed Obligations" could not exist if people such as Deanna Lynn and Bradley S. Austin had not disclosed their life histories (abstracted as "FICO" credit scores) and given their signatures.

70.      Why are the creators of the wealth of this nation being deprived of the ownership of their labors?  When her MORTGAGE NOTE was sold on the open market, why was Bradley S. Austin (individually and as assignee of Deanna Lynn Austin) not informed

and rewarded? Why is it that Countrywide & MERS Bank is being allowed to institute foreclosure proceedings on Bradley S. Austin (individually and as assignee of Deanna Lynn Austin)'s property when it has already sold Bradley S. Austin (individually and as assignee of Deanna Lynn Austin)'s note, and profited from that sale, while under Michigan law that it ever sold the note?

71.     Every time a mortgage backed security or collateral backed obligation is sold and securitized based on their life histories and signatures, Bradley S. Austin (individually and as assignee of Deanna Lynn Austin) received not a single penny; this is theft by derivation without consent.

72.     Plaintiff Bradley S. Austin is the assignee of Bradley S. Austin (individually and as assignee of Deanna Lynn Austin)'s rights to recover the wealth DERIVED from their life histories and signatures by the creation of the mortgage backed securities market.

73.     Plaintiff now sues the Christopher Cox, Chairman of the Securities & Exchange Commission pursuant to the Administrative Procedure Act and demands that the SEC take action so that these wrongs can be righted.

74.     Plaintiff Bradley S. Austin offered to discharge Bradley S. Austin (individually and as assignee of Deanna Lynn Austin)'s original debt by buying Bradley S. Austin (individually and as assignee of Deanna Lynn Austin)'s original note from Defendant COUNTRYWIDE & MERS after receiving notice of the Sheriff's sale.

75.     Plaintiff Bradley S. Austin's first and only demand was that Trott & Trott PROVE their client's standing and entitlement to make claim against him: namely that COUNTRYWIDE & MERS prove that they were the owner of the note (i.e., the one entity in the world actually and currently entitled to payment).

76.    Defendant Countrywide & MERS, (hereinafter "COUNTRYWIDE & MERS") failed and refused to produce the note, and instead merely offered the Plaintiff the opportunity to "redeem" his property after the Sheriff's foreclosure sale in Oakland County as described above.

77.    Violations of SEC Rule 10b-5: Bradley S. Austin, files his Claim for Violations of SEC Rule 10b-5 in connexion with the fraudulent and manipulative devices utilized by Defendants COUNTRYWIDE & MERS.

78.    When a Mortgagee such as COUNTRYWIDE & MERS receives a NOTE from a Mortgagor such as Bradley S. Austin (individually and as assignee of Deanna Lynn Austin), it receives a tangible and marketable asset, namely a SECURITY (whether "security" be defined as a right to receive funds without provision of labor, goods, or services, or pursuant to the Uniform Commercial Code as adopted in Michigan relating to "secured" transactions such as a purchase money mortgage).

79.    Bradley S. Austin alleges that Defendants COUNTRYWIDE & MERS, and Sun Trust Bank regularly purchase or otherwise "acquire" (by fraudulently induced "grant" in exchange for a non-existent loan) or "originate" notes such as that given by Bradley S. Austin (individually and as assignee of Deanna Lynn Austin) and that Defendants Quicken & Countrywide then sell such acquired or originated notes in commerce either separately or in securitized bundles as publicly traded assets on public and open securities markets without providing any actual notice or meaningful credit (for the sale of their notes) to the issuers, grantors or creators of such notes, such as Deanna Lynn or Bradley S. Austin in the underlying note foreclosure case ("the State Court litigation"), and then use organizations such as MERS for "strong-arm" collection.

80.     Plaintiff Bradley S. Austin moves and requests that this Court declare and adjudge that for any party other than a holder in due course to collect on a mortgage note is extortion and "collection or enforcement of an illegal debt" within the meaning of the Federal R.I.C.O. statute 18 U.S.C. §§1961 *et seq*.

81.     For all these reasons, both within the meaning of the securities and racketeering laws of the United States, it was a material fraud upon Bradley S. Austin, as a prospective buyer of securities, for Defendant COUNTRYWIDE & MERS, to act as though they were still the legal and equitable owners of the Plaintiff's note.

82.     Unless Defendant COUNTRYWIDE & MERS can prove that, as of April-May-June 2007, it was the legal and equitable owner of Bradley S. Austin's (individually and as assignee of Deanna Lynn Austin's) original note, with full legal and equitable rights to foreclose under Michigan law, Defendants are still engaged in actual fraud and misrepresentation.

83.     Defendant COUNTRYWIDE & MERS, by selling and securitizing the note given by Deanna Lynn Austin (and Bradley S. Austin) as a publicly traded security available on an open and public securities market ("bourse" or "bolsa"), had already recovered (i.e. been paid fair market value) any investment it had made in the Austin's note, and accordingly COUNTRYWIDE & MERS had thereafter and currently COUNTRYWIDE & MERS has no "injury standing" or "personal stake" (as a "corporate person" within the meaning of the 14th Amendment).

84.     Despite Plaintiff Bradley S. Austin's repeated requests that Defendants (acting by and through their named attorneys at Trott & Trott) prove and demonstrate their claim, Defendant COUNTRYWIDE & MERS refused to produce or even state whether they

possess either the original "physical" note, and have likely refused to claim or assert, in response to Plaintiff's repeated offers to settle, that ANY of the Defendants can demonstrate continuous ownership, much less continuous actual or constructive "possession" of the note during the period November 2006-June 2007 when the note foreclosure and sale process took place.

85.     A Mortgagor pledges additional tangible assets by way of a Deed of Trust, but if the Mortgagee sells the note, Mortgagor owes NO obligations to the Mortgagee and Mortgagee's right to collect any funds from Mortgagor is extinguished.

86.     Defendant Countrywide & MERS, is such a mortgagee; Bradley S. Austin (individually and as assignee of Deanna Lynn Austin), is such a mortgagor;

87.     Defendant Countrywide & MERS neither has nor ever had legal title to nor equitable interests in Deanna Lynn Austin's asset (the note which Plaintiff "gave", "made" or otherwise created at the behest of "originator" Quicken or current Defendant Countrywide & MERS, and it is now time to correct the long chain of SECURITIES fraud as well as FRAUD IN THE INDUCEMENT which Originator Quicken and its successors Defendants COUNTRYWIDE & MERS committed and perpetrated against Deanna Lynn & Bradley S. Austin.

88.     Plaintiff Bradley S. Austin alleges that Defendant COUNTRYWIDE & MERS own neither the original ink-signed "paper" note and that any interest or authority they may have regarding this note is divorced from legal or equitable rights of ownership and that it is through such a repurchase of paper as evidence only that Defendant COUNTRYWIDE & MERS now claims "ownership" over the note.

89.    The Commissioner of the Securities & Exchange Commission is uniquely well-situated to enforce the securities laws of the land, and to challenge judicial interpretations which are disjunctive with the intent and purpose of the law, including the "judicially crafted list of exceptions" to the clear intent of Congress in enacting the Securities laws.

90.    **This list of "judicially crafted exceptions" is plainly and absolutely WRONG and should be modified or changed, and plaintiff makes this plea to change or alter existing law within the provisions of Rule 11 allowing parties to seek the modification, extension, or revision of existing law.**

91.    Specifically, Bradley S. Austin seeks a judicial order and declaration first to extend, modify, or reverse existing law and establish new law by declaring and adjudging that all mortgage notes are covered by the Securities Laws of the United States and second

92.    that the Court compel agency action in conformity with this declaratory judgment and find that such agency action has in fact been unlawfully withheld or unreasonably delayed, within the meaning of 5 U.S.C. §706(1), to enforce the provisions of SEC Rule 10b-5 and 15 U.S.C. §78i in regard to deceptive and manipulative devices in the mortgage value or price of securities based, derived, or connected with bundles of FICO-graded mortgage securities, with neither notice nor payment to the original grantors of the notes, nor any notice or disclosure to these (mostly unsophisticated consumer grantors) of their (the consumer's) role in the creation of wealth and issuance of securities.

93.    WHEREFORE, Bradley S. Austin prays that this court, pursuant to 5 U.S.C. §706:

(1)    compel agency action unlawfully withheld or unreasonably delayed (namely a

challenge to the judicially crafted list of exceptions which excludes a vast source of

securitized wealth traded in securities markets from securities regulation and scrutiny,

namely, the creation of wealth by and through the grantors of mortgage notes); and

(2)    hold unlawful and set aside agency action, findings, and conclusions found to

be—

(A)    arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with

law;

(B)    contrary to constitutional right, power, privilege, or immunity (including the 5th

Amendment right to own property and have no property taken except by due process of

law);

(C)    in excess of statutory jurisdiction, authority, or limitations, or short of statutory

right;

(D)    without observance of procedure required by law;

(E)    unsupported by substantial evidence in a case subject to sections 556 and 557 of

this title or otherwise reviewed on the record of an agency hearing provided by statute; or

(F)    unwarranted by the facts to the extent that the facts are subject to trial de novo by

the reviewing court;

(G)    grant all such other and further relief as may be necessary to effectuate the intent

of Congress in enacting 15 USC §78i and authorizing the legislation underlying SEC

Rule 10b-5.

94.    Plaintiff further and finally that the court enter all such other and further

supplementary relief, including supervisory relief over the enforcement of its order in

Plaintiff's favor in this case, in addition to full declaratory and injunctive relief, and all such other and further relief to which the Court may find the Plaintiff justly entitled at law or in equity.

### COUNT XIII: VIOLATION OF 15 U.S.C. §78i

95.    Plaintiff Bradley S. Austin realleges ¶¶1-94 and incorporates the same by reference as if fully copied and restated herein below.

96.    The manipulation of security prices is forbidden by 15 U.S.C. §78i(a)(1) and (5).

97.    The Mortgage Note granted by Deanna Lynn Austin (upon which Bradley S. Austin now sues individually and as assignee of Deanna Lynn Austin), whose residual Mortgagor's interest therein the Defendants assigned, sold, and transferred to some third party, presently unknown.

98.    As explained and analyzed in the Frank J. Fabozzi "learned texts" cited above (cf. FRE 803(18), adjustable rates affect the value and marketability of mortgage backed securities and collateral backed obligations, and the failure of Countrywide & MERS to disclose it intention to sell to the Austins (from whom COUNTRYWIDE & MERS "purchased" some interest in a note and "sold" much of that same note to other parties in the securities market), constitutes a violation of 15 USC §78i(a)(1).

99.    Further, 15 USC §78i(a)(5) gives express standing to a person "purchasing or offering to purchase the security", such as Plaintiff Bradley S. Austin.

100.    If Plaintiff's factual allegations regarding the true explanation for the whereabouts of the COUNTRYWIDE & MERS note between its announced status as "lost" during November 2006 and the announcement of its May 2007 "rediscovery" are correct, then as a matter of law COUNTRYWIDE & MERS's recent repurchase during the pendency of

litigation constitutes another and further deceptive and manipulative device, scheme to manipulate the price or value of the note as security, and consequentially, of the derivatives which were "stolen by derivation" from the Austins, (not to mention one or more untrue statements of material facts or omissions of necessary material facts) in full and plain violation of 15 U.S.C. 78i(a)(1) and 15 U.S.C. §78i(a)(5).

101.    Plaintiff Bradley S. Austin thus accordingly now files this Count XIII of his Complaint pursuant to 15 U.S.C. §78i(e) of the Securities and Exchange Act of 1934.

102.    Few if any ordinary, unsophisticated "borrowers" realize the difference between COUNTRYWIDE & MERS's falsely stated role as an alleged "lender" ("Grantee" of a consumer note in exchange for being a "grantor" of cash) and COUNTRYWIDE & MERS's true role as a "transfer originator" under the UCC.

103.    Few if any "borrowers" will realize that the disjunction in money transfer origination laws and mortgage note collection laws (which depend on both legal and equitable ownership of mortgage notes by a sole, collecting "holder in due course") render COUNTRYWIDE & MERS as unfit to collect on mortgage notes which it "originated" but later sold, utilizing MERS as the strong-arm collector of an illegal debt.

104.    Bradley S. Austin alleges and submits that the securitization of mortgage notes intended for sale on public securities markets by mortgagees is a deceptive and misleading device, scheme, and artifice to defraud mortgagors such as themselves, in violation of Rule 10b-5, and that Defendant Countrywide & MERS, must be held liable for violations of the securities laws of the United States, including SEC Rule 10b-5.

## Declaratory Judgment: Who is Agent & Who is Attorney?
## And WHAT IS AN ILLEGAL DEBT?

105.    Plaintiff Bradley S. Austin realleges the material allegations and legal contentions of ¶¶1-104 as if the same were fully copied and restated herein.

106.    MERS acts as "agent" for an undisclosed (and perhaps unknown) actual buyer, without either a formal designation of agency or power of attorney.

107.    Pursuant to its supplemental jurisdiction to construe and answer questions of State law pursuant to 28 U.S.C. §1367, where inextricably intertwined with the Federal Questions providing this court with jurisdiction as alleged above, Plaintiff Bradley S. Austin asks the court to declare and adjudge that MERS, as a corporate entity, is engaged in the unauthorized practice of law by acting as a freelance agent for Countrywide and other alleged mortgage "creditors", and that MERS cannot hide its own activities within the unauthorized practice of law behind Trott & Trott, who are ethically and legally bound as attorneys to report MERS' unauthorized practice of law.

**108.**    Furthermore, pursuant to this Court's equitable power under 28 U.S.C. §§2201-2202 and 18 U.S.C. §1964(c), Plaintiff asks that the Court extend, modify, or reverse existing law and establish new law by declaring and adjudging that Defendant Mortgage Electronic Registration Systems, Inc., "MERS" is a racketeer influenced and corrupt organization, and that the definition of "unlawful debt" contained in 18 U.S.C. §1961(6)(b) should be expanded interpreted and construed to mean "**the business of lending money or a thing of value**"....where collection of that debt routinely depends upon fraudulent misrepresentation of facts which constitute either mail fraud, wire fraud, financial institution fraud, or fraud arising from the denial of the intangible right to honest services within the meaning of 18 U.S.C. §§1341, 1343, 1344, and 1346.

109.   <u>Plaintiff Bradley S. Austin asks this Court to declare and adjudge that Trott &</u>
<u>Trott, as attorneys at law, have knowingly assisted MERS in the unauthorized practice of</u>
<u>law, and have also aided and abetted a pattern of racketeering activity involved in the</u>
<u>collection of unlawful debts.</u>

110.   Summary Prayer for Relief: Plaintiff Bradley S. Austin moves and requests the
entry of final declaratory judgment in his favor, the entering of permanent injunctions
against all Defendants, and all his costs of suit, including attorneys fees, if Bradley S.
Austin is required to hire an attorney for the successful resolution of this case, and for all
such other and further relief as this court may find him entitled as a matter of law or
equity, after trial-by-jury, demand for which is hereby made as follows:

## JURY DEMAND and FINAL PRAYER FOR RELIEF

1.      As a preliminary and urgent matter, Plaintiff prays that this Court will enter a

STAY enjoining all proceedings which have been or might be initiated by way of

eviction or further proceedings (either judicial or non/extra-judicial) against the Plaintiff

by any of the private commercial defendants and/or involving the services of Sheriff

Michael J. Bouchard or County Clerk/Register of Deeds Ruth Johnson of Oakland

County invoked under color of law in violation of 42 U.S.C. §§1983, 1988(a), and to

preserve the jurisdiction and power of this Court to resolve all issues, as allowed under 28

U.S.C. §2283, and 42 U.S.C. §§1983 & 1988(a).

**2.**      Plaintiff prays that the Court will set his Complaint against Defendants Quicken

Loans (and including any or all of its involved affiliates, parents, successors-in-interest,

subsidiaries, or assignees of any kind), Countrywide Home Loans (and including any or

all of its involved affiliates, parents, successors-in-interest, subsidiaries, or assignees of

any kind), MERS (meaning "Mortgage Electronic Registration Systems, Inc.", Trott &

Trott, P.C., and all individual attorneys named herein above, as well as Sheriff Michael J.

Bouchard & County Clerk Ruth Johnson, and Christopher Cox, Chairman of the

Securities & Exchange Commission, **for final trial-by-jury, demand for which is**

**hereby made in accordance with the Seventh Amendment to the United States**

**Constitution, Rule 38(b) of the Federal Rules of Civil Procedure and all other**

**applicable rules, as well as 28 U.S.C. §§1861 *et seq.*.**

3.      Plaintiff prays that the Court will compel agency action as follows:

4.      that the Securities and Exchange Commission will clarify that mortgage notes are

securities subject to ALL relevant securities laws and regulations;

5.      that the Securities and Exchange Commission will clarify that it is fraud within the meaning of the act to fail to inform mortgage note MAKERS/GRANTORS of the securitization of their notes, and of the money which banks will make regarding the sale of securitized mortgages;

6.      that the Securities and Exchange Commission will clarify that makers/notes of securitizable mortgage notes or collateralized assets used as the basis of securities are entitled to just and fair (market value) compensation for the assets which they create;

7.      that any person who purchases or otherwise acquires securities, including mortgage notes, is entitled to a full accounting of the sale and securitized transfer history of each note;

8.      that no mortgage note security which has been sold on and into the securities market may be sold until and unless such full accounting is provided to the maker/grantor of each note;

9.      that the failure to account openly and honestly to the maker/grantor of any note which is subsequently securitized and marketed for profit amounts to a conversion and theft of the amount of the accounting from the original maker/grantor of each note, including the notes granted by Deanna Lynn Austin and Bradley S. Austin to Defendants Quicken Loan, Countrywide Home Loans, and/or MERS.

10.     Plaintiff further prays that Defendants Quicken Loans, Countrywide Home Loans, and MERS, Oakland County Sheriff Michael J. Bouchard, Oakland County Clerk Ruth Johnson, and Christopher Cox, Chairman of the Securities & Exchange Commission, as well, all be required to appear and answer this Original Complaint pursuant to the Federal Rules of Civil Procedure.

11.    Notice of Lawsuit and Requests for waiver of service of summons prepared

pursuant to FRCP Rule 4(d) will be served upon all parties, including the Oakland

County Sheriff & Clerk and the Chairman of the United States Securities & Exchange

Commission.

12.    Upon final trial-by-jury, Plaintiff reserves his rights to seek damages pursuant to

SEC Rule 10b-5, for securities fraud, as well as RICO, and prays that he will have all his

actual, consequential, and special damages as well has his actual damages from securities

price manipulation in violation of 15 U.S.C. §78i(a)(1)-(5).

13.    Plaintiff further prays for entry of declaratory judgment in his favor pursuant to

28 U.S.C. §2201-2202 as requested in Counts I-XIII of this Original Complaint above.

Signed and submitted on this Monday, December 03, 2007.

RESPECTFULLY SUBMITTED,

**BRADLEY S. AUSTIN, Plaintiff,** *pro se*
18251 HICKORY RIDGE ROAD
FENTON, MICHIGAN 48430
Telephone: (810) 629-9923
e-mail: brad@healthyhighway.com

♣JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

07-15127

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BRADLEY S. AUSTIN, individually & as assignee of Deanna L. Austin

**DEFENDANTS**
Countrywide Home Loan, MERS, Quicken, Sheriff Bouchard et al.

(b) County of Residence of First Listed Plaintiff    Oakland, Michigan
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Dallas, Texas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
BRADLEY S. AUSTIN, 18251 HICKORY RIDGE ROAD, FENTON, MICHIGAN 48430; Telephone: (810) 629-9923

Attorneys (If Known)
Unknown

**SEAN F. COX**
DONALD A. SCHEER

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☒ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
SEC Rule 10b-5, 18 U.S.C. Section 1964(c); 42 U.S.C. Section 1983

Brief description of cause:
plaintiff seeks declaratory judgment that Michigan foreclosure law permits securities fraud by securitized CBOs

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ___  DOCKET NUMBER ___

DATE    DEC 3, 2007

SIGNATURE OF ATTORNEY OF RECORD    Bradley Austin

**FOR OFFICE USE ONLY**

RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

# PURSUANT TO LOCAL RULE 83.11

1.    Is this a case that has been previously discontinued or dismissed?        □ YES  ☒ NO

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.    Other than stated above, are there any pending or previously discontinued
or dismissed companion cases in this or any other court, including state
court?  (Companion cases are matters in which it appears substantially
similar evidence will be offered or the same or related parties are present
and the cases arise out of the same transaction or occurrence.)        □ YES  ☒ NO

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

**NOTES:** _____