UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY S. AUSTIN,

        Plaintiff,

Case No. 07-CV-15127

vs.

HON. GEORGE CARAM STEEH

COUNTRYWIDE HOME LOANS,
INC., et al.,

        Defendants.
_____/

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION [DOC. 56] AND GRANTING IN PART
PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND [DOC. 57]

On August 13, 2008, this Court entered an opinion and order granting several of defendants' dispositive motions and dismissing most of plaintiff's claims. Plaintiff filed this motion for reconsideration on August 26, 2008.

Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

The Court finds that plaintiff's motion fails to point out any palpable defects of law or fact which would result in a different disposition of his case. This Court has spent a large amount of time researching the allegations made by plaintiff, and can find no claim

cognizable under the law to support any of plaintiff's theories. As recited in its prior opinion, plaintiff has no standing to bring this action for declaratory relief under the Promissory Note because he is not a party to the Note.  To the extent that plaintiff seeks a declaration of the Court that various SEC statutes are applicable to the Note and that some statutory notice is due, such a declaration could extend only to the maker of the Note, and not to this plaintiff.  As to plaintiff's allegations that the entire banking and mortgage industry are unlawful, plaintiff has utterly failed to plead a cognizable cause of action.

The Court finds plaintiff's motion for reconsideration to be contemptuous.  The motion contains wild speculation regarding the Court's practices, and it is an understatement to say that plaintiff's statements which are intended to demean the Court and its staff are inappropriate.  Many of plaintiff's arguments violate Fed. R. Civ. P. 11, and warrant sanctions, which the Court will take under consideration.

The underlying facts of this case, which are not disputed by plaintiff, lead to the conclusion that he has been living in the subject property, with no payments being made on the Note since March 2, 2006.  Plaintiff's motion for reconsideration is another attempt at stalling the State foreclosure action.  Now, therefore,

IT IS ORDERED that plaintiff's motion for reconsideration is hereby DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for enlargement of time to respond to the Oakland County defendants' motion to dismiss is GRANTED IN PART. Plaintiff's response is due on or before October 9, 2008.

So ordered.

                              s/George Caram Steeh
                              GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

Dated: September 18, 2008

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on September 18, 2008, by electronic and/or ordinary mail.

                              s/Josephine Chaffee
                              Secretary/Deputy Clerk